**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL FORREST,** : | |
| : | |
| **Petitioner** : | |
| : | **CIVIL NO. 3:CV-13-0067** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **DEBRA K. SAUERS,** *et al.*, : | |
| : | |
| **Respondents** : | |

**M E M O R A N D U M**

**I.    Introduction**

Michael Forrest, is a state prisoner presently confined at the Forest State Correctional Institution, in Arienville, Pennsylvania.[1] On December 12, 2012, Mr. Forrest filed a 42-page document captioned "Petition for Writ of Habeas Corpus Under 28 USC 2254 Incorporating R.I.C.O. ACT" with the United States District Court in the Western District of Pennsylvania.  (Doc. 3, Pet.)  Although not the petition is not the model of clarity, it is clear that the issues raised encompass habeas as well as conditions of confinement claims.  In his Petition, Mr. Forrest challenges his January 29, 2010, Centre County Court of Common Pleas conviction for Aggravated Harassment by a Prisoner and seeks to bring a civil rights claim under the Racketeer Influenced Corruptions Organization Act (RICO), 18 U.S.C. §

---

[1] According to the Pennsylvania Department of Corrections website, Daniel Burns is the Superintendent of SCI-Forest.  *See* www.cor.state.pa.us.

1961, *et seq.*, against all of those whom adjudicated, prosecuted, or participated as witnesses in the criminal proceedings. He also seeks monetary damages from various individuals employed at SCI-Rockview and SCI-Forest who allegedly violated his civil rights pursuant to 42 U.S.C. § 1983, by either assaulting him, denying him medical care, or confiscating his medical appliances and/or legal materials. In total, Mr. Forrest names thirty-six (36) respondents. (Doc. 3.)

For the reasons that follow, the Court will dismiss Mr. Forrest's conditions of confinement claims and limit this case to a § 2254 Petition challenging his Centre County Court of Common Pleas conviction and sentence. For the purpose of clarity, Mr. Forrest will be required to file an amended habeas corpus petition addressing only those issues challenging his 2010 Centre County Court of Common Pleas conviction for aggravated harassment by a prisoner.[2]

## II. Background

On June 14, 2008, Mr. Forrest was arrest on a parole violation. (Doc. 3, ECF p. 3.) In July 2008, he was housed at SCI-Rockview where medical staff allegedly switched his pain medication for psychotropic medication and altered his seizure medication without his consent. His various braces and medical appliances, issued to him in 2005 due to lumbar spine nerve damage, bulging L3-L5 discs, and seizures, were improperly confiscated by medical and prison staff.

---

[2] *See Commonwealth of Pennsylvania v. Forrest*, CP-14-CR-0000446-2009 (Centre Cnty. Ct. Common Pleas), docket sheet found at: http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-14-CR-0000446-2009.

On January 15, 2009, Mr. Forrest was placed in solitary confinement on suicide watch after staff believed he responded positively to suicide indicator questions. While at SCI-Rockview he was assaulted three times in effort to coerce him to plead guilty to his Centre County criminal charge of Aggravated Harassment. (*Id*., ECF pp. 3-4.)

On April 16, 2010, Mr. Forrest was transferred to SCI-Forest were he claims he was denied appropriate medical care for his neurological and seizure issues. On October 22, 2010, he was assaulted by SCI-Forest prison staff. As a result of being denied medical care following the assault, Mr. Forrest is now blind in his left eye. (*Id*., ECF p. 5.)

On December 16, 2009, Mr. Forrest was convicted of Aggravated Harassment in the Center County Court of Common Pleas. (*Id*, ECF p. 2.) He was sentenced on January 29, 2010 and sentenced to a term of 3 to 7 years imprisonment. (*Id.*) The Court will not attempt to decipher or label Mr. Forrest's grounds for challenging his Centre County conviction based on the present habeas petition which intersperses civil rights claims against prosecutors, state police troopers and others, with his habeas issues.

On April 4, 2011, Mr. Forrest was transferred to SCI-Waymart's Special Assessment Unit (SAU) for alleged psychiatric reasons. He returned to SCI-Forest on May 6, 2011. Upon his arrival medical staff refused to acknowledge his various physical ailments and disability he claims were validated at SCI-Waymart. (*Id*.) On May 2, 2011, Mr. Forrest was found unconscious in his SCI-Waymart cell. (*Id*.) He

recalls regaining consciousness at Merion Memorial Community shackled to an Emergency Room bed in excruciating pain due to a "painful tube attached to his penis and scrotum." Several days later he returned to SCI-Forest. Medical staff there claim to be unaware of his medical events and care while housed at SCI-Waymart. (*Id.*) Mr. Forrest claims he continues to suffer from a painful rash and other maladies due to an contaminated catheter. (*Id.*)

While it is clear the Mr. Forrest was convicted of Aggravated Harassment in the Centre County Court of Common Pleas, it is impossible for the Court to discern what are his claims for habeas relief as they are intertwined with his claims for civil rights relief against his sentencing judge, prosecuting attorney, and others. *See Id.*, ECF pp. 6-31.

### III. Discussion

Federal law provides two main avenues of relief to incarcerated persons: a petition for habeas corpus, 28 U.S.C. § 2254, and a civil rights complaint, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004)(per curiam). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on

circumstances of confinement may be presented in a § 1983 action." *Muhammad,* 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer,* 288 F.3d at 542. In sum, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer,* 288 F.3d 540.

Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action. Thus, they will be dismissed without prejudice to Mr. Forrest pursuing them in a properly filed § 1983 action.[3] To the extent Mr. Forrest seeks to challenge his Centre County Court of Common Pleas conviction for harassment by a prisoner, it is impossible for the Court to discern what the nature of his claims are as they are intertwined with conditions of confinement claims that span several years and lodged against over thirty individuals, some who were involved with his criminal prosecution. *See Id.*, ECF pp. 6-31. Accordingly, the habeas portion of Mr. Forrest's filing is dismissed without prejudice. However, Mr. Forrest will be granted leave to file an amended habeas corpus petition raising only those claims related to his Centre County Court of Common Pleas conviction. Furthermore, Mr. Forrest is

---

[3] The Court expresses no opinion as to the merits, if any, of any civil rights claim Mr. Forrest may file based on the facts asserted in the instant petition.

advised that "there is generally only one proper respondent to a given prisoner's habeas petition" and that in a case challenging present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not ... some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513 (2004). As Mr. Forrest is presently confined at SCI-Forest, Superintendent Burns is the only proper respondent to his habeas action. The Court will direct the Clerk of Courts to substitute Superintendent Burns as the sole and leading respondent in this action and term all respondents named in Mr. Forrest's original filing.

An appropriate Order follows.

  /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: June  18  , 2013**