IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | 3:13-CV-00067 |
| | : | |
| DEBRA K, SAUERS, et al. | : | (Judge Caputo) |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Michael Forrest has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). He challenges a conviction by the Court of Common Pleas for Centre County, Pennsylvania. Id. For the reasons set forth below, the petition is dismissed as untimely.

**I.     Background**

On January 29, 2010, Forrest was sentenced to a term of three to seven years imprisonment for a conviction of aggravated harassment by a prisoner in violation of 19 Pa.C.S. § 2703.1. (Doc. 12). After appealing to the Pennsylvania Superior Court, his conviction and sentence was affirmed on October 18, 2010. Com. v. Forrest, 15 A.3d 532 (Pa. Super. Ct. 2010). No direct appeal was brought to the Supreme Court of Pennsylvania, nor was any petition for relief brought under the Pennsylvania Post-Conviction Relief Act ("PCRA"). (Doc. 17).

On July 21, 2010, Forrest filed a civil rights action with the United States District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983.  Forrest v. Goss, 3:CV-10-1505, 2010 WL 5422606, at *1 (M.D. Pa. Dec. 22, 2010).  In 2012, Forrest filed a complaint in the Eastern District of Pennsylvania alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In re Forrest, 469 F.App'x 85 (3d Cir. 2012).  On December 17, 2012, Forrest filed a civil rights complaint in the Western District of Pennsylvania; that action was dismissed for failure to state a claim.  Forrest v. Sauers, Civ. A. No. 12-319, 2013 WL 300806 (W.D. Pa. Jan. 25, 2013).  That same day, Forrest filed this action, alleging constitutional violations in his state court proceedings under Section 2254, as well as various RICO violations and civil rights violations under Section 1983.  (Docs. 1, 3).

On January 8, 2013, Forrest's 2254 Petition was transferred to this Court. (Doc. 6).  By Order dated June 18, 2013, all counts were dismissed except those related to Forrest's 2254 Petition.  (Docs. 10, 11).  This Court further ordered that Forrest file an amended petition addressing only the relevant issues.  Id.  On July 8, 2013, Forrest filed his amended complaint.  (Doc. 12).  On January 6, 2014, Respondents filed a reply, urging the dismissal of the petition as untimely.  (Doc. 17).  On January 13, 2014, Forrest filed a reply brief, rendering this matter ripe for disposition.  (Doc. 20).

## II.    Discussion

### A.    Petition is Statutorily Time-Barred

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).  Consequently, the statute of limitations for filing a habeas corpus petition generally begins to run when direct review processes are concluded.  See, Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

Forrest was convicted of aggravated harassment by a prisoner on December 16, 2009, (doc. 12), and the Pennsylvania Superior Court affirmed his sentenced on October 18, 2010.  Forrest, 15 A.3d at 532.  Forrest's conviction and sentence became final on November 17, 2010, when the deadline to file an appeal with the Supreme Court of Pennsylvania lapsed.  Forrest did not file a PCRA Petition, nor did he file any other form of collateral appeal.[1]  Thus, Forrest was required to file a petition for writ of habeas corpus on or before November 17, 2011.[2]

---

[1] Forrest argues that he sought further review in the form of appeals filed with the "disciplinary counsel" and the "PA judicial conduct board of Supreme Court[.]" (Doc. 12). However, these processes are not avenues of direct appeal, and Pennsylvania law provides that a PCRA Petition "shall be the sole means of obtaining collateral relief[.]" 42 Pa.C.S. § 9542. Thus, such actions did not operate to toll the statute of limitations.

[2] Construing Forrest's pleadings liberally, it appears that he is arguing an alternative limitations period should exist under subsection (B). Forrest argues in conclusory fashion that this Court along with the District Court for the Eastern District of Pennsylvania has "repeatedly obstruct[ed]" Forrest's habeas petition. (Doc. 19). However, Forrest has failed to show how either Court actually interfered in any way with his ability to file a 2254 habeas petition. Furthermore, Section 2244(d)(1)(B) only applies where state action has prevented the timely filing of a habeas petition. Forrest has made no allegation that state action prevented the timely filing of this habeas petition, but has instead argued that federal action interfered with his habeas petition. Therefore, Section 2244(d)(1)(B) does not render the petition timely.

Forrest did not file a petition for writ of habeas corpus under Section 2254 with any court until December 17, 2012, when he filed this petition. (Doc. 1). Although Forrest argues that he filed actions with several district courts as well as the Third Circuit, all actions related to civil rights or RICO violations; none were habeas petitions. See, Forrest v. Goss, 3:CV-10-1505, 2010 WL 5422606, at *1 (M.D. Pa. Dec. 22, 2010); In re Forrest, 469 F.App'x 85 (3d Cir. 2012); Forrest v. Sauers, Civ. A. No. 12-319, 2013 WL 300806 (W.D. Pa. Jan. 25, 2013). Consequently, Forrest filed this action 396 days after the statute of limitations expired, and this petition is barred from consideration unless subject to tolling.

    **B.**    **Tolling Procedures**

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003). Therefore, the Court must examine Forrest's petition to determine if principles of statutory or equitable tolling would result in his petition being timely filed.

    **1.**    **Statutory Tolling**

Here, statutory tolling does not operate to extend the statute of limitations. As previously noted, Forrest failed to file any collateral action whatsoever in the Pennsylvania court system. The statute of limitations for filing habeas petitions is only statutorily tolled during the time in "which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  As Forrest did not file any collateral review action, there is no basis for the application of statutory tolling to this petition.

### 2. Equitable Tolling

The AEDPA's statute of limitations may be tolled "when the principles of equity would make the rigid application of a limitation period unfair." Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)) (internal quotation marks omitted).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Third Circuit has identified three circumstances in which equitable tolling is warranted: (1) the respondents "actively misled" the petitioner, (2) the petitioner was "in some extraordinary way" prevented from asserting his or her rights, or (3) the petitioner has mistakenly, but timely, asserted his or her rights in an incorrect forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).  The petitioner bears the burden of demonstrating that equitable tolling is warranted. Pace, 544 U.S. at 418.

The Third Circuit has cautioned that "a court should be sparing in its use of" equitable tolling.  Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  Furthermore, equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  There are no bright lines in determining when equitable tolling is warranted, and courts should "favor flexibility over adherence to mechanical rules."  Ross, 712 F.3d at 799 (citing Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011); Holland, 560 U.S. at 649-50).

The principles of equitable tolling are not applicable to Forrest's petition. First, Forrest does not allege that he has been actively misled by Respondents, and the record reflects no basis for such an argument.  (See, docs. 3, 9, 12, 14, 16, 18-40).  Second, there is no evidence that Forrest was prevented in any extraordinary manner from exercising his rights.  Id.  Although Forrest alleges that various district courts have interfered with his habeas petitions, as previously noted he has not demonstrated how any action prevented him from filing a timely habeas petition.  Finally, Forrest has never asserted his rights in the wrong forum.  Id.

Between November 2010 when Forrest's judgment of sentence became final and December 2012 when this action was filed, Forrest was not diligently pursuing his rights in regard to a habeas petition, and no extraordinary circumstances appear to have stood in the way of Forrest filing in a timely manner.  Holland, 560 U.S. at

649. In sum, the record is devoid of any indication that equitable tolling is warranted.

### C. Equitable Exception

An equitable exception to the AEDPA's statute of limitations exists where a petitioner demonstrates that a "miscarriage of justice" has occurred. McQuiggin v. Perkins, 133 S.Ct. 1924, 1934 (2013). An equitable exception does not extend a statute of limitations, but will instead "override the statute of limitations when actual innocence is shown." Id. at 1931 (citing Rivas v. Fischer, 687 F.3d 514, 547, n. 42 (2d Cir. 2012)).

To establish that a "miscarriage of justice" has occurred, the petitioner must show that a constitutional error occurred and, absent this error, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The Supreme Court has emphasized that such a claim must be supported by "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

Forrest has not pointed to any new evidence to sustain a conclusion that he did not commit aggravated harassment by a prisoner. Forrest has presented no

evidence to this Court, other than his unsubstantiated and conclusory statements, that was not available at the time of his trial. Therefore, there is no evidence that may form the basis of an equitable exception to the AEDPA's statute of limitations. Schlup, 513 U.S. at 324, 327. As no exception or exclusion to the statute of limitations exists, Forrest's petition has not been filed in a timely manner.

### III.   Certificate of Appealability

When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should be issued if "jurists of reason" would find that: (1) it is debatable whether the petition states a valid claim for the denial of a constitutional right, and (2) it is debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Forrest clearly filed his habeas petition after the statute of limitations expired. He has failed to demonstrate that statutory or equitable tolling is warranted, and has not produced new evidence to support an assertion that an equitable exception to the statute of limitations exists. As a result, jurists of reason would not find this procedural ruling debatable, and a certificate of appealability will not be issued.

**IV.** **Conclusion**

A review of the record reveals that Forrest has not filed this petition for a writ of habeas corpus in a timely manner. Therefore, his petition will be dismissed.

An appropriate Order will follow.

BY THE COURT:

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

Dated: March 23, 2015